# United States Court of Appeals for the Federal Circuit

---

**MARVA J. SNEED,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7029

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2715, Judge William A. Moorman.

---

Decided: December 9, 2013

---

WILLIAM H. BURGESS, Kirkland & Ellis LLP, of Washington, DC, argued for claimant-appellant. With him on the brief was BENJAMIN A. HERBERT, of Los Angeles, California.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, PROST, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* WALLACH.

Dissenting opinion filed by *Circuit Judge* PROST.

WALLACH, *Circuit Judge.*

Marva Sneed pursued her claim for survivor benefits in the Department of Veterans Affairs ("VA") for eight years. After receiving an adverse decision from the Board of Veterans' Appeals ("Board"), Ms. Sneed promptly contacted an attorney to represent her in an appeal to the United States Court of Appeals for Veterans Claims ("Veterans Court"). Only one day before the deadline to file a notice of appeal, however, Ms. Sneed received a letter saying the attorney would not represent her in the appeal. After unsuccessfully searching for another attorney, Ms. Sneed filed a notice of appeal pro se, twenty-nine days after the filing deadline.

The Veterans Court dismissed Ms. Sneed's appeal for failure to timely file her notice of appeal. Ms. Sneed appeals the dismissal, arguing the Veterans Court legally erred in holding that equitable tolling does not apply in cases of attorney abandonment. Because attorney abandonment can justify equitably tolling the deadline for filing an appeal to the Veterans Court, this court vacates and remands for the Veterans Court to reconsider Ms. Sneed's argument under the correct standard.

BACKGROUND

I.

Ms. Sneed is the surviving spouse of veteran Reginald A. Sneed, who served on active duty from June 1964 to June 1968. Mr. Sneed suffered from numerous service-connected disabilities, including post-traumatic stress syndrome, post-concussion syndrome, cervical spondylosis (degeneration of the vertebrae), spinal stenosis (narrowing of the spinal column), tinnitus (ringing in the ears), a perforated tympanic membrane, and scarring of the upper extremities. In January 2001, Mr. Sneed fell and suffered a spinal cord contusion, rendering him a quadriplegic and

resulting in confinement to a chin-operated wheelchair.[1] In October 2003, Mr. Sneed was living in a nursing home for paralyzed veterans. There was a fire in the home, and all of the residents, including Mr. Sneed, died as a result of smoke inhalation.

Following Mr. Sneed's death, Ms. Sneed filed a claim with the VA for dependency and indemnity compensation. *See* 38 U.S.C. § 1310 (2000) ("Deaths entitling survivors to dependency and indemnity compensation"). She alleged her husband's death was service connected, because his service-connected disabilities were a principal or contributory cause of his death. *See* 38 C.F.R. § 3.312 (2000). In particular, she argued his service-connected spinal disabilities substantially contributed to his paralysis, which made him unable to escape from the burning building. Ms. Sneed also contended that her husband's other disabilities, including post-traumatic stress syndrome and tinnitus, contributed to his death by preventing him from hearing and properly responding to indications of fire. The VA denied Ms. Sneed's claim, and the Board ultimately affirmed the denial on April 5, 2011.

Ms. Sneed's notice of appeal to the Veterans Court was due by August 3, 2011. *See* 38 U.S.C. § 7266(a) ("[A] person adversely affected by [a Board] decision shall file a notice of appeal with the [Veterans Court] within 120 days after the date on which notice of the decision is mailed . . . ."). Ms. Sneed promptly sought an attorney to represent her in the appeal. She contacted Katrina J. Eagle, Esq., and transmitted her case materials to Ms. Eagle's office. Ms. Sneed communicated with Ms. Eagle's office "for a year or longer" and stated that "Ms. Eagle knew that there was a deadline" to file the notice of appeal.[2] J.A. 41. However, on August 2, 2011—the day

---

[1]    Effective September 27, 2001, Mr. Sneed was rated totally and permanently disabled as a result of a non-service-connected disability, for purposes of a VA-administered pension. *See* 38 U.S.C. § 1521 (2000).

[2]    It is unclear how Ms. Sneed could have been in contact with Ms. Eagle for "a year or longer," J.A. 41, when the deadline to appeal from the Board decision was

before Ms. Sneed's deadline to appeal—Ms. Sneed received a letter from Ms. Eagle stating that she would not represent Ms. Sneed in her appeal. Ms. Eagle explained that she did "not believe the VA erred in denying [Ms. Sneed's] claim," and instructed Ms. Sneed to seek another attorney's opinion or to file the notice of appeal herself. J.A. 45. Ms. Eagle also incorrectly advised Ms. Sneed that the deadline to appeal was August 5, 2011, two days later than the actual August 3 deadline.

Ms. Sneed then "tried to find another attorney" in the "short time" available. J.A. 41. When that failed, she filed the notice of appeal on September 1, 2011—twenty-nine days after the deadline.[3] Six days later, on September 7, 2011, Ms. Sneed filed a letter with the Veterans Court explaining her late filing:

> I thought I had an attorney, this attorney was sent all of my papers about this appeal in a timely manner, in fact I contact[ed] the attorney office as soon as I got my decision letter. I even ke[pt] in contact with the attorney office.

J.A. 22. She further stated that she "ha[d] worked on this case for over eight years, and all papers were filed on time," and that she did not think the late filing to the Veterans Court was her fault. J.A. 41.

## II.

Not long after her appeal was docketed, Ms. Sneed was able to retain an attorney, who entered his appearance on September 14, 2011. On October 11, 2011, the Veterans Court stayed several appeals, including Ms. Sneed's, pending the court's decision in a separate case

---

only 120 days and Ms. Sneed presumably did not contact Ms. Eagle until the issuance of the adverse Board decision. However, this discrepancy is not relevant to the merits of Ms. Sneed's appeal.

[3] Ms. Sneed's description of her attempts to find another attorney contradicts the dissent's statement that "Ms. Sneed provided no explanation for the other twenty-seven days of the delay." Dissenting Op. at 3.

regarding whether equitable tolling applied to the 120-day filing deadline in 38 U.S.C. § 7266(a). The deadline was found subject to equitable tolling in *Bove v. Shinseki*, 25 Vet. App. 136 (2011), and on June 14, 2012, the Veterans Court directed Ms. Sneed to file a response discussing whether her case warranted equitable tolling of the 120-day filing period.

Ms. Sneed argued, through counsel, that her "reliance on attorney Katrina J. Eagle to file her appeal with the Court was perfectly reasonable," and that Ms. Eagle's conduct amounted to "'extraordinary circumstances beyond' [Ms. Sneed's] control." Appellant's Resp. to Ct. Order*, Sneed v. Shinseki*, Vet. App. No. 11-2715 (quoting *Bove*, 25 Vet. App. at 140). Ms. Sneed asked the court to allow equitable tolling in her case.

The Veterans Court declined to apply equitable tolling and dismissed Ms. Sneed's appeal. The court held that Ms. Sneed's circumstances did not fit within the "parameters" of equitable tolling, which

> applied only when circumstances precluded a timely filing despite the exercise of due diligence, such as (1) a mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board.

*Sneed v. Shinseki*, 2012 U.S. App. Vet. Claims LEXIS 2062, at *3–4 (Vet. App. Sept. 27, 2012) ("Veterans Court Decision") (quoting *Bove*, 25 Vet. App. at 140) (internal quotation marks omitted). Rather, because Ms. Eagle had informed Ms. Sneed that she was "not required to have an attorney" to file her notice of appeal, and because Ms. Eagle was "not a VA official," the court held Ms. Sneed's twenty-nine-day-late filing "evidence[d] general negli-

gence or procrastination," precluding equitable tolling in her case.[4] *Id.* at *4 & n.1.

After the dismissal, Ms. Sneed's counsel withdrew, and Ms. Sneed filed a pro se motion for reconsideration, which the Veterans Court denied. Ms. Sneed, with new counsel, timely appealed to this court.

## DISCUSSION

### I.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

This court has jurisdiction over the proper interpretation of 38 U.S.C. § 7266(a), the filing provision at issue in this case. *Santana-Venegas v. Principi*, 314 F.3d 1293, 1298 (Fed. Cir. 2002). "[C]onsideration of equitable toll-

---

[4]    According to the dissent, the Veterans Court made a finding "that Ms. Sneed *knew*" she did not need an attorney to file her notice of appeal. Dissenting Op. at 2 (emphasis added). However, Ms. Sneed stated that "[she] did not know that [she] could have filed [herself]." J.A. 41. The Veterans Court made no finding to the contrary, and noted only that Ms. Eagle's letter to Ms. Sneed stated "you are not required to have an attorney to proceed before the Court." Veterans Court Decision at *4 (internal quotation marks and citation omitted). The Veterans Court specifically *did not* find that Ms. Sneed understood the meaning of Ms. Eagle's letter.

ing" presents an issue of statutory interpretation of § 7266(a). *Nelson v. Nicholson*, 489 F.3d 1380, 1382 (Fed. Cir. 2007). On appeal, Ms. Sneed argues the Veterans Court incorrectly interpreted § 7266(a) by ruling out attorney abandonment as a potential basis for equitable tolling.

The Secretary argues that Ms. Sneed is actually challenging the Veterans Court's factual findings, which this court lacks jurisdiction to review. According to the Secretary, the Veterans Court found that Ms. Sneed did not exercise due diligence, thus precluding equitable tolling under any standard. However, the Veterans Court's factual findings are unclear. On one hand, the court stated that Ms. Sneed's late filing "evidence[d] general negligence or procrastination," but later said that "despite her exercise of due diligence," Ms. Sneed failed to demonstrate that "circumstances prevented her from timely filing." Veterans Court Decision at *4–5. During oral argument, the Secretary seemed to concede that the Veterans Court made no explicit finding with respect to diligence. Oral Arg. at 23:22–23:28, *Sneed v. Shinseki*, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/all/sneed.html (answering that there was no express finding of diligence based on what Ms. Sneed had done day by day).

Moreover, Ms. Sneed does not challenge the Veterans Court's findings of fact, and does not ask this court to make any new or contrary findings. Rather, she argues the Veterans Court erroneously failed to recognize attorney abandonment as a basis for equitable tolling. "Even where factual disputes may remain, we have authority to decide whether the Veterans Court applied the correct legal standard." *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008).[5] Certainly, this court has jurisdiction to

---

[5]    The dissent states that this court has jurisdiction "only" when the proposed standard would be outcome determinative. Dissenting Op. at 2 (citing *Mapu v. Nicholson*, 397 F.3d 1375, 1379 (Fed. Cir. 2005)). However, this court has jurisdiction to decide a question of statutory interpretation "that was relied upon by the [Veterans]

consider whether the Veterans Court employed an improperly narrow standard for equitable tolling under § 7266(a).[6] *See Nelson*, 489 F.3d at 1382–83.

---

Court in making the decision." 38 U.S.C. § 7292(a). The Veterans Court relied on § 7266(a) in dismissing Ms. Sneed's appeal, and Ms. Sneed now challenges the Veterans Court's interpretation of that provision. *See Nelson*, 489 F.3d at 1382. Whether the issue on appeal is harmless error (and thus not outcome determinative) does not divest this court of jurisdiction. *See Menegassi v. Shinseki*, 638 F.3d 1379, 1383 (Fed. Cir. 2011) ("[W]e have jurisdiction to determine whether the Veterans Court's error is harmless."); *see also Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004) (exercising jurisdiction and holding "the [Veterans Court] misunderstood our decision in *Roberson*," but affirming on the grounds of harmless error "because *Roberson* has no application to the circumstances of this case").

Nor does *Mapu*, on which the dissent relies, state otherwise. *Mapu* holds that this court has jurisdiction when "'material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim.'" *Mapu*, 397 F.3d at 1379 (quoting *Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003)). It does not go further and say that this court *only* has jurisdiction over outcome dispositive issues. To the contrary, the *Mapu* and *Bailey* standard has been broadly interpreted to mean that this court has jurisdiction to determine "whether there is an error of law" in a Veterans Court decision, *Szemraj*, 357 F.3d at 1375, and has been repeatedly cited to support the exercise of jurisdiction, not its absence. *See, e.g.*, *Brandenburg v. Principi*, 371 F.3d 1362, 1363–64 (Fed. Cir. 2004); *Nelson*, 489 F.3d at 1383.

In stating that "'harmless error' plays no part in this case," Dissenting Op. at 2 n. 1, the dissent misapprehends the jurisdictional analysis. The point is not that the error here is harmless, but that this court's jurisdiction under § 7292(a) does not depend on whether the asserted error is outcome determinative.

[6] The Secretary also argues that Ms. Sneed waived her attorney abandonment argument because "she did not

## II.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In *Irwin*, the Supreme Court established a rebuttable presumption that equitable tolling applies "to suits against the Government, in the same way that it is applicable to private suits," unless Congress has expressed its intent to the contrary. 498 U.S. at 95–96.

In 1998, this court applied *Irwin* to hold that the 120-day limit for filing appeals to the Veterans Court was subject to equitable tolling.[7] *Bailey v. West*, 160 F.3d

---

explicitly raise the issue of attorney abandonment as a basis for equitable tolling, nor did she cite *Holland* or *Maples*." Appellee's Br. 16 (citing *Holland v. Florida*, 560 U.S. 631 (2010); *Maples v. Thomas*, 132 S. Ct. 912 (2012)). However, preserving an argument for appeal "does not demand the incantation of particular words; rather, it requires that the lower court be fairly put on notice as to the substance of the issue." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000). Ms. Sneed's brief to the Veterans Court argued:

> Attorney Eagle's failure to file a Notice of Appeal[,] . . . the erroneous advisement of the due date[,] . . . as well as the fact that attorney Eagle did not notify Ms. Sneed that she would not be representing her until the day before the Notice of Appeal was due, constitute extraordinary circumstances beyond Ms. Sneed's control.

J.A. 37. The same argument was also made in Ms. Sneed's pro se motion for reconsideration, J.A. 53–54, and in the September 1 and 7, 2001, letters filed pro se with the Veterans Court, J.A. 40–43. Here, Ms. Sneed's attorney abandonment arguments were adequately preserved for appeal.

[7]    38 U.S.C. § 7266(a) provides:

1360, 1368 (Fed. Cir. 1998) (en banc) (citing 38 U.S.C. § 7266(a)). Over time, equitable tolling was held to be applicable when: (1) a VA official failed to send the veteran's notice of appeal to the Veterans Court, *id.*; (2) a claimant misfiled his request for reconsideration to the Board, *Jaquay v. Principi*, 304 F.3d 1276, 1278 (Fed. Cir. 2002); (3) a veteran misfiled his notice of appeal at the VA regional office, *Santana-Venegas*, 314 F.3d at 1298, or filed an incorrect form, *Bailey v. Principi*, 351 F.3d 1381, 1384–85 (Fed. Cir. 2003); and (4) when a claimant suffered from mental or physical illness that rendered him incapable of handling his own affairs or functioning in society, *Barrett v. Principi*, 363 F.3d 1316, 1317 (Fed. Cir. 2004); *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005).

The en banc decision of *Henderson v. Shinseki* reversed this line of cases, and held that the filing deadline in § 7266(a) could not be equitably tolled. 589 F.3d 1201, 1220 (Fed. Cir. 2009) (en banc), *rev'd*, 131 S. Ct. 1197 (2011). It relied on *Bowles v. Russell*, where the Supreme Court held that deadlines for filing ordinary civil appeals were jurisdictional and thus not subject to equitable tolling. *Id.* at 1203 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). The Supreme Court granted Mr. Henderson's petition for a writ of certiorari and reversed. *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011). The Court distinguished *Bowles* as applying to only Article III courts, whereas the Veterans Court was an Article I tribunal. *Id.* at 1204. The Court further explained: "The contrast between ordinary civil litigation" and the system for adjudicating veterans benefits claims "could hardly be more dramatic." *Id.* at 1205–06. "Rigid jurisdictional treatment" of

---

In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

§ 7266(a) "would clash sharply with" the flexible, pro-claimant veterans benefits scheme. *Id.* at 1206. Because the parties had not appealed the question of whether § 7266(a) was subject to equitable tolling, the Court left that issue for the lower courts to decide on remand. Not long after, the Veterans Court held equitable tolling applied to § 7266(a). *Bove*, 25 Vet. App. 136. In so holding, the Veterans Court reasoned that the *Bailey* line of cases was reinstated by the Supreme Court's decision in *Henderson. Id.* at 139.

## III.

The issue in this case is whether the Veterans Court applied an improperly narrow standard in rejecting Ms. Sneed's equitable tolling argument. The Veterans Court began its equitable tolling analysis by reciting *Bove*'s open-ended equitable tolling standard: whether "'circumstances precluded a timely filing despite the exercise of due diligence.'" Veterans Court Decision at *3 (quoting *Bove*, 25 Vet. App. at 140). It recounted three instances in which this court has applied equitable tolling: "'(1) a mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board.'" Veterans Court Decision at *3–4 (quoting *Bove*, 25 Vet. App. at 140). The Veterans Court denied equitable tolling, stating that the circumstances preceding Ms. Sneed's late filing "are not extraordinary, but rather evidence general negligence or procrastination." Veterans Court Decision at *4. However, the Veterans Court did not consider whether Ms. Eagle's abrupt withdrawal only one day before the filing deadline constituted extraordinary circumstances. Rather, it summarily concluded that "Attorney Eagle is not a VA official" *Id.* at *4 n.1 (citing *Bailey v. West*, 160 F.3d 1360 (holding a veteran's reliance on the incorrect statement of a VA official could justify equitable tolling)).

In so reasoning, the Veterans Court improperly treated the listed examples—including reliance on the incorrect statement of a VA official—as the exclusive "parameters" of equitable tolling. *Id.* at *3. Equitable

tolling is not "limited to a small and closed set of factual patterns." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005). This court has "rejected the approach of looking to whether a particular case falls within the facts specifically identified in *Irwin* or one of our prior cases." *Id.* Rather, courts acting in equity have emphasized "the need for flexibility" and "for avoiding mechanical rules," and have proceeded on a "case-by-case basis." *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (internal quotation marks and citation omitted). The Veterans Court's analysis focused too narrowly on whether Ms. Sneed's case fell into one of the factual patterns of past cases considering § 7266(a), and improperly failed to consider whether attorney misconduct—as opposed to misconduct by a VA official—may constitute a basis for equitable tolling.[8]

The Supreme Court has held that attorney abandonment may constitute a basis for equitable tolling. "[U]nprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary,'" thus forming a basis for equitable tolling. *Holland*, 130 S. Ct. at 2564 (citations omitted). In contrast, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id.* at 2564 (internal quotation marks and citations omitted). The Court later emphasized the difference between mere attorney negligence and attorney abandonment. *Maples v. Thomas*, 132 S. Ct. 912, 924–27 (2012). In the latter, a "counsel's near-total failure to communicate with petitioner or to respond to [the client's] many inquiries and requests over a period

---

[8] Although it is improper to apply overly rigid standards, "courts of equity can and do draw upon decisions made in other similar cases for guidance." *Holland*, 130 S. Ct. at 2563. Such guidance may be found in cases other than veterans cases. *See, e.g., Barrett*, 363 F.3d at 1319–21 (relying on decisions of the Supreme Court and regional circuit courts in concluding that mental illness may justify equitable tolling); *Arbas*, 403 F.3d at 1381–82 (citing regional circuit court and district court decisions regarding physical illness).

of several years" may amount to extraordinary circumstances beyond the client's control. *Id.* at 923 (internal quotation marks and citation omitted). This differs from the rule applicable to mere attorney negligence—which is attributable to the client pursuant to general agency principles—because "[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id.* (internal quotation marks and citation omitted).

According to the Secretary, the Veterans Court Decision did not foreclose attorney abandonment as a basis for equitable tolling, but rather applied the broad standard articulated in *Bove* that equitable tolling is appropriate "'when circumstances precluded a timely filing despite the exercise of due diligence.'" Veterans Court Decision at *3 (quoting *Bove*, 25 Vet. App. at 140). The Veterans Court's analysis, which dismissed the significance of Ms. Eagle's conduct because she was not a VA official, belies this contention. Additionally, other Veterans Court cases appear to foreclose attorney abandonment as a basis for equitable tolling. For instance, the Veterans Court addressed attorney abandonment in *Metras v. Shinseki*, 2013 U.S. App. Vet. Claims LEXIS 1012 (Vet. App. June 26, 2013) (unpublished). In *Metras*, the Veterans Court held *Holland* and *Maples* were distinguishable in part because, unlike in *Maples* and *Holland* (both habeas corpus cases), "neither Mr. Metras's liberty nor his person is at risk."[9] *Metras*, 2013 U.S. App. Vet. Claims LEXIS

---

[9] The other reasons for distinguishing *Maples* and *Holland* were: (1) the agent in *Metras* was a veterans service organization, not an attorney, and (2) Metras was notified over a month before the relevant filing deadline. *Metras*, 2013 U.S. App. Vet. Claims LEXIS 1012, at *23. The dissent cites *Metras* to show that "the Veterans Court has long recognized" that attorney abandonment can justify equitably tolling the filing deadline in § 7266. Dissenting Op. at 5–6. *Metras*, however, strongly suggests that attorney abandonment principles do not apply in veterans benefits cases.

1012, at *23. This reasoning suggests that attorney abandonment could never justify equitable tolling in veterans benefits cases, where the litigant's liberty and person are not at risk.[10]

Contrary to this reasoning, the equitable principles invoked in *Holland* and *Maples* apply just as strongly in veterans cases as they do in the habeas corpus context. Although benefits cases may not threaten veterans' liberty or persons, veterans risked both life and liberty in their military service to this country. The veterans benefits scheme is thus "imbued with special beneficence from a grateful sovereign." *Bailey*, 160 F.3d at 1370 (Michel, J., concurring). In holding equitable tolling applied to § 7266(a), the *Bailey* court reasoned that the Supreme Court had extended a form of equitable tolling to prisoners filing for habeas corpus relief, and this court was "loath to treat less worthily those who have served the country." *Id.* at 1368 (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The special treatment Congress reserved for veterans requires that courts lend veterans at least the same degree of solicitude as that bestowed on habeas petitioners. *See Henderson*, 131 S. Ct. at 1205 (quoting *United States v. Oregon*, 366 U.S. 643, 647 (1961)) (noting

---

[10] Other cases also suggest that the Veterans Court does not consider attorney abandonment to be a basis for equitable tolling in veterans cases. *See*, *e.g.*, *Jackson v. Shinseki*, No. 11-1236, 2012 WL 2874393, at *2 (Vet. App. July 16, 2012) (unpublished) ("To the extent that an attorney may be incompetent, the appellant's remedy may be against the attorney in State court in a claim for legal malpractice."). Although an attorney's garden variety neglect is not a basis for equitable tolling, the Veterans Court has gone further and said that "[f]iling delays due to inattentive representation are not one of the circumstances under which the Court will *consider* equitable tolling." *Rose v. Shinseki*, No. 11-1153, 2012 WL 2856470, at *1 (Vet. App. July 12, 2012) (unpublished) (emphasis added). Contrary to the dissent's conclusion, it is far from "apparent . . . that the Veterans Court already recognizes attorney abandonment as a ground for equitable tolling." Dissenting Op. at 6.

Congress' "'long standing'" solicitude for veterans). The Supreme Court held in *Maples* and *Holland* that habeas petitioners may benefit from equitable tolling in cases of attorney abandonment, and this court concludes that the same protection extends to veterans.

The Secretary nevertheless argues that attorney abandonment cannot justify equitable tolling "in the civil context" because litigants in such cases do not enjoy the constitutional right to the effective assistance of counsel. Appellee's Br. 17 n.6 (citing *Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012) (holding "the right to the effective assistance of counsel does not apply to proceedings before the [Veterans Court]")). However, a petition for a writ of habeas corpus is itself a civil action, *Woodford v. Ngo*, 548 U.S. 81, 90–91 & n.2 (2006), to which the Sixth Amendment right to counsel does not apply, U.S. Const. amend. 6 (ensuring "the Assistance of Counsel" in "all criminal prosecutions"); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."). Furthermore, the Supreme Court did not base its decisions in *Maples* and *Holland* on the right to effective assistance of counsel, but rather on "equitable principles" in general. *See Holland*, 130 S. Ct. at 2563 ("[W]e have followed a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules.") (internal quotation marks and citation omitted); *Maples*, 132 S. Ct. at 915.

*Holland* and *Maples* averted hardships caused by "a hard and fast adherence" to general agency principles by holding that "a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Maples*, 132 S. Ct. at 924; *see also Holland*, 130 S. Ct. at 2568 (Alito, J., concurring). The hardship of default resulting from attorney abandonment is particularly difficult to bear in the context of an appeal to the Veterans Court, which is often the veteran's first opportunity to be represented by an attorney. *See* 38 U.S.C. § 5904(c)(1). Accordingly, pursuant to the principles of *Maples* and *Holland*,

attorney abandonment may justify equitably tolling the filing deadline in appeals to the Veterans Court.

## CONCLUSION

For the foregoing reasons, the Veterans Court's decision dismissing Ms. Sneed's appeal is vacated, and the case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

# United States Court of Appeals
# for the Federal Circuit

---

**MARVA J. SNEED,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7029

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2715, Judge William A. Moorman.

---

PROST, *Circuit Judge*, dissenting.

The majority's pronouncements on attorney abandonment are pure dicta; this appeal is plainly beyond our jurisdiction. I therefore respectfully dissent.

## I

This case is not factually complex. Ms. Sneed contacted an attorney, Katrina Eagle, with the intent of retaining her in her appeal to the Veterans Court. After she contacted Ms. Eagle's office several times, Ms. Sneed received a formal letter from Ms. Eagle on August 2, 2011, informing her that Ms. Eagle could not represent her because her benefits claim was meritless. In the letter, Ms. Eagle erroneously informed Ms. Sneed that her

Notice of Appeal ("NOA") was due August 5, 2011, instead of August 3, 2011. After receiving Ms. Eagle's letter, Ms. Sneed did not file her NOA by August 3, 2011. Nor did she file it by the day Ms. Eagle told her it was due, August 5, 2011. Instead, Ms. Sneed waited *thirty days* after receiving Ms. Eagle's letter to finally fax her handwritten one-page NOA to the Veterans Court. Thus, Ms. Sneed's NOA was filed twenty-nine days late.

The Veterans Court rejected Ms. Sneed's request to excuse her untimely NOA. It found that Ms. Sneed knew that she did not need "an attorney to proceed before the Court," and "regardless of whether Attorney Eagle misinformed [Ms. Sneed] of the NOA due date by two days, [Ms. Sneed] filed her NOA 29 days after it had been due." J.A. 49. Those facts, the Veterans Court concluded, demonstrated that "the circumstances leading up to [Ms. Sneed's] late NOA are not extraordinary, but rather evidence general negligence or procrastination." *Id.*

## II

The majority insists, however, that the Veterans Court committed legal error by not recognizing that attorney abandonment can be a ground for equitable tolling of an NOA deadline. But we have jurisdiction when an appellant urges alteration of the standard for equitable tolling only "when the material facts are not in dispute *and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim.*" *Mapu v. Nicholson*, 397 F.3d 1375, 1379 (Fed. Cir. 2005) (emphasis added). The attorney abandonment doctrine does not "dictate the outcome of the equitable tolling claim" here. It was irrelevant to the Veterans Court's disposition of this case and should be to ours.[1]

---

[1]     The majority claims that we still have jurisdiction over this appeal because we may determine whether an

    Ms. Sneed argued to the Veterans Court that Ms. Eagle's actions excused two days of the twenty-nine-day delay in the filing of her NOA. The Veterans Court recognized that equitable tolling was improper here because Ms. Sneed provided no explanation for the other twenty-seven days of the delay. Indeed, diligence or excuse is required for the entire period of delay to justify equitable tolling—explaining just two days of a twenty-nine-day delay in filing an NOA is insufficient as a matter of law. *See Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010); *see also Phillips v. Principi*, 18 F. App'x 862, 865 (Fed. Cir. 2001) (collecting cases and explaining why a temporary external impediment lasting for a time shorter than the requested tolling period cannot justify equitable tolling). And diligence required for equitable tolling is reasonable diligence in the pursuit *of an appeal*—not diligence in pursuit *of a new lawyer* once abandoned by another. *See Holland*, 130 S. Ct. at 2565; *see also Maples v. Thomas*, 132 S. Ct. 912, 927 (2012). The Veterans Court recognized that fact and denied Ms. Sneed's request for equitable tolling because she had no justification for the entire period of delay in the filing of her NOA.[2]

---

error by the Veterans Court was "harmless error (and thus not outcome determinative)." Majority Op. at 8 n.5. But "harmless error" plays no part in this case. "Harmless error" requires *error*, which the Veterans Court did not commit. The court did not apply the attorney abandonment doctrine because that doctrine was unnecessary to conclude that Ms. Sneed's month-long delay in filing her NOA was not caused by Ms. Eagle but her own general negligence and procrastination. There was nothing incorrect about that factual conclusion.

[2]    The majority asserts that the Veterans Court may have believed Ms. Sneed in fact exercised due diligence because the court made the following statement to con-

Even if we were to improperly review the factual findings here, it should be quite clear that Ms. Eagle's actions could not justify tolling Ms. Sneed's NOA deadline for twenty-nine days. There is no reason apparent in the record or presented by Ms. Sneed to explain why she could not have faxed her handwritten one-page NOA to the Veterans Court in any of the thirty days following the receipt of Ms. Eagle's letter. Ms. Sneed had access to a fax machine during that time, *see* J.A 19-26; she knew the Veterans Court's fax number and the NOA deadline from the Board's decision, J.A. 14; she was informed by Ms. Eagle that the NOA deadline was no later than August 5, 2011, J.A. 26; she was told in writing by Ms. Eagle that she could file her appeal herself, *id.*; and the Board's decision informed her of additional resources she could consult to help in prosecuting her appeal on her own, J.A. 14—resources that she apparently waited thirty days to use and eventually lead her to file her NOA pro se.

Thus, it is quite apparent that, as the Veterans Court found, the untimeliness of Ms. Sneed's NOA was due to her "general negligence or procrastination"—nothing

---

clude its opinion: "Thus the appellant fails to demonstrate that, despite her exercise of due diligence, circumstances prevented her from timely filing her NOA. *See Bove* and *Bailey*, both *supra*." The majority's interpretation of this statement is remarkable. The Veterans Court's statement was simply a recitation of the legal standard from *Bove v. Shinseki*, 25 Vet. App. 136 (2011), that Ms. Sneed did not satisfy. Recounting the standard does not mean that the Veterans Court believed an element to be satisfied. There is no confusion about the Veterans Court's findings here: equitable tolling was inappropriate because Ms. Sneed knew she could file her appeal herself and failed to adequately show that circumstances beyond her control prevented her doing so in a timely manner.

more. Ms. Sneed had argued to the Veterans Court that, under the standard enunciated in *Bove*, the "circumstances [of this case] do not indicate 'general negligence or procrastination.'" J.A. 37 (quoting *Bove*). The Veterans Court simply disagreed with Ms. Sneed on how to apply the facts to the law she advanced in her briefing—a decision over which we have no jurisdiction. 38 U.S.C. § 7292(d)(2).[3]

## III

Nevertheless, the majority insists on interpreting the Veterans Court's opinion in a way that allows it to correct what they see as a persistent—yet unspoken—policy of the Veterans Court to not recognize attorney misconduct as a basis for equitable tolling. Again, the majority overlooks the facts.

Ms. Sneed has conceded that the Veterans Court has "at least acknowledge[d] the possibility that attorney abandonment may be a ground for tolling the deadline to appeal to the Veterans Court." Appellant's Rule 28(j) Letter, Aug. 21, 2013, ECF No. 44. And the Veterans Court has long recognized that egregious attorney mis-

---

[3] The majority nevertheless declares that we have jurisdiction over her appeal because the "Veterans Court relied on [38 U.S.C.] § 7266(a) in dismissing Ms. Sneed's [request for equitable tolling]" and Ms. Sneed challenges the application of that "provision" by the Veterans Court, Majority Op. at 8 n.5. That statement reflects a fundamental misconception of the scope of our jurisdiction. If it were true, then we would have jurisdiction over *any* equitable tolling decision by the Veterans Court. But we do not have such limitless jurisdiction. Section 7292(d)(2) expressly precludes us from reviewing any "challenge to a factual determination" or "to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292.

conduct—including abandonment—can justify equitable tolling of the NOA deadline and has applied that principle to equitably toll an NOA deadline for a veteran who was effectively abandoned by his counsel. *See Nelson v. Nicholson*, 19 Vet. App. 548, 553-54 (2006) *aff'd*, 489 F.3d 1380 (Fed. Cir. 2007); *Metras v. Shinseki*, No. 12-2488, 2013 WL 3225068 (Vet. App. June 26, 2013) (denying equitable tolling after holding that the attorney abandonment standard from *Maples* and *Holland* did not apply to the facts of the case); *Johnson v. Shinseki*, No. 09-2407, (Vet. App. Mar. 20, 2012) (unpublished) (Appellee's Rule 28(j) Letter attachment, Sept. 11, 2013, ECF No. 47) (finding attorney abandonment to be egregious misconduct justifying equitable tolling). Remarkably, that "egregious misconduct" standard is the same one recognized by the Supreme Court in *Holland* and adopted by the majority here. *See* Majority Op. at 12; *Holland*, 130 S. Ct. at 2564 (explaining that equitable tolling may be justified by "unprofessional attorney conduct" that proves "egregious"). It ought to be apparent, therefore, that the Veterans Court already recognizes attorney abandonment as a ground for equitable tolling. The majority's concerns and holding are unwarranted.

IV

Like the majority, I recognize the sacrifices that veterans have made for our country. And I agree that they are "imbued with special beneficence" for their service to a grateful nation. Majority Op. at 14 (quoting *Bailey v. West*, 160 F.3d 1360, 1370 (Fed. Cir. 1998) (en banc)). However, the provision of those benefits is a matter reserved to Congress. Likewise, the scope of our review of decisions relating to those benefits is determined exclusively by Congress. We should not evade the restrictions imposed on our jurisdiction by § 7292(d)(2) in a way that unnecessarily diverts the limited resources of the Veterans Court. I therefore cannot join the majority's opinion.