NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT W. WOHLWEND,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7046

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-0356, Chief Judge Bruce E. Kasold.

---

Decided: December 17, 2013

---

MARK A. KNUEVE, Vorys, Sater, Seymour and Pease LLP, of Columbus, Ohio, for claimant-appellant. With him on the brief was MICAH D. DAWSON.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, and JEANNE E. DAVIDSON, Director. Of counsel on the brief were DAVID J. BARRANS,

Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was CHRISTINA LYNN GREGG, United States Department of Veterans Affairs, Office of the General Counsel, of Washington, DC.

_____

Before DYK, MOORE, and WALLACH, *Circuit Judges*.

PER CURIUM.

Albert W. Wohlwend appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying his motion to recall mandate of an earlier dismissal of his appeal as untimely. *Wohlwend v. Shinseki*, No. 08-0356, 2012 WL 2873604 (Vet. App. July 13, 2012) ("Vet. Ct. Order"). In denying the appeal, the Veterans Court refused to equitably toll the filing deadline set forth in 38 U.S.C. § 7266(a) (2012). Because attorney abandonment can justify equitably tolling the deadline for filing an appeal to the Veterans Court, this court vacates and remands for the Veterans Court to reconsider Mr. Wohlwend's arguments under the correct standard.

## BACKGROUND

Mr. Wohlwend served in the United States Army from February 1968 to February 1971. On March 7, 2007, the Board of Veterans Appeals ("Board") issued a decision denying Mr. Wohlwend's claims for entitlement to an increased disability rating for service-connected mild peripheral neuropathy of the right and left hands, and for service connection for sensorineural bilateral hearing loss. Mr. Wohlwend was appointed a veterans service officer from Disabled American Veterans ("DAV") to represent him before the Board, and anticipated that DAV would be responsible for filing a notice of appeal on his behalf. Mr. Wohlwend was informed that his case had been transferred to a different veterans service officer, but was repeatedly assured that everything would be "properly

handled" with respect to his appeal to the Veterans Court. J.A. 5. Mr. Wohlwend alleges that he repeatedly attempted to contact his veterans service officer, but his calls were not returned. It was only after the filing deadline had passed that Mr. Wohlwend was informed that his case had been transferred again, and his previous veterans service officer had failed to file anything on his behalf.

On January 4, 2008, over 180 days after the filing deadline had passed, Mr. Wohlwend filed a pro se notice of appeal with the Veterans Court. On March 13, 2009, the Veterans Court dismissed Mr. Wohlwend's appeal as untimely because he had not filed his notice within 120 days of the March 7, 2007, Board decision. In doing so, the Veterans Court relied upon *Henderson v. Peake*, 22 Vet. App. 217 (2008), *aff'd*, 589 F.3d 1201 (Fed. Cir. 2009), which held that the 120-day period within which to file a notice of appeal under 38 U.S.C. § 7266(a) is jurisdictional and not subject to equitable tolling.

The Supreme Court subsequently reversed the *Henderson* decision, holding that the 120-day deadline to file an appeal, although an important procedural rule, is not jurisdictional. *Henderson v. Shinseki*, 131 S. Ct. 1197, 1206 (2011). In response to this decision, the Veterans Court issued an order notifying appellants whose appeals had been dismissed for failure to file a timely notice of appeal that they could now file a motion to recall mandate premised upon the doctrine of equitable tolling. The order explained both the Supreme Court's decision in *Henderson* and the Veterans Court's determination in *Bove v. Shinseki*, 25 Vet. App. 136 (2011), which held that the 120-day filing period for appeals is subject to equitable tolling.

On February 13, 2012, Mr. Wohlwend filed a pro se motion to recall mandate. Mr. Wohlwend contended that he had relied upon DAV's representations, and that his

veterans service officer failed to file a timely notice of appeal. The Secretary of Veterans Affairs ("VA") opposed the motion. The Veterans Court stayed the case to allow Mr. Wohlwend to obtain counsel, through whom he filed a reply in support of his motion to recall mandate.

On July 13, 2012, the Veterans Court, in a single-judge order, denied Mr. Wohlwend's motion to recall mandate. The Veterans Court explained that "failure of a representative to timely file an appeal generally is a 'garden variety claim of excusable neglect' that is not a basis for equitable tolling." Vet. Ct. Order at *1 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Veterans Court determined that Mr. Wohlwend had failed to demonstrate that his untimeliness was attributable to anything other than excusable neglect, and concluded that withdrawal of mandate was not warranted.

On August 2, 2012, Mr. Wohlwend filed a timely motion for panel review. On September 28, 2012, the motion was granted and a panel ordered that the Veterans Court's previous single-judge order would remain the decision of the court. This appeal followed.

DISCUSSION

I.

This court's jurisdiction to review a decision of the Veterans Court is limited. We review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). This court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The VA asserts that this court should dismiss Mr. Wohlwend's appeal for lack of jurisdiction because the "Veterans Court's determination that this is a case of excusable neglect is a determination of fact, or at most the application of law to fact, over which this [c]ourt does not possess jurisdiction." Appellee's Br. 7. Mr. Wohlwend asserts, however, that the Veterans Court erred by applying the "excusable neglect" standard of *Irwin*, which he believes does not apply to his claim, rather than the "extraordinary circumstances" standard articulated in *Holland v. Florida*, 130 S. Ct. 2549 (2010).[1]

In *Holland*, the Court reiterated the requirements for equitable tolling it had previously set forth in *Pace*: a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mr. Wohlwend believes that this standard represents a different analysis than *Irwin*, and that the court committed legal error by relying solely on *Irwin*. Appellant's Br. 7; Appellant's Reply 3 ("[T]he [Veterans Court] failed to apply the *Holland* standard to this case. Indeed, the [Veterans Court] failed to discuss or even cite *Holland*. Instead, the [Veterans Court] incorrectly analyzed Wohlwend's claim solely under the legal standard set forth in *Irwin*.") (citations omitted). We have jurisdiction to review this legal issue under 38 U.S.C. § 7292.

---

[1] Notably, Appellee acknowledges this aspect of Appellant's challenge, stating that Mr. Wohlwend "argues that instead of relying upon *Irwin*, the Veterans Court should have evaluated his motion in accordance with the Supreme Court's decision in *Holland*." Appellee's Br. 9 (citations omitted).

## II.

While equitable tolling is available to toll the judicial appeal period of 38 U.S.C. § 7266, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. In *Holland*, however, the Court stated "at least sometimes, professional misconduct . . . could . . . amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Holland*, 130 S. Ct. at 2563.

Mr. Wohlwend contends the Veterans Court erred by relying on the "excusable neglect" standard of *Irwin* instead of evaluating his motion based upon the "extraordinary circumstances" standard articulated in *Holland*. Read together, *Irwin* and *Holland* show that the "extraordinary circumstances" standard requires more than garden-variety "excusable neglect."

Here, the Veterans Court, relying only on *Irwin*, observed that "the failure of a representative to timely file an appeal *generally* is a 'garden variety claim of excusable neglect' that is not a basis for equitable tolling . . . and Mr. Wohlwend fails to demonstrate otherwise." Vet. Ct. Order at *1 (emphasis added). In doing so, the Veterans Court did not discuss "extraordinary circumstances" that may have justified equitable tolling, such as attorney abandonment or misrepresentations, or cite to *Holland*.

Recently, this court held that "attorney abandonment can justify equitably tolling the deadline for filing an appeal to the Veterans Court." *Sneed v. Shinseki*, No. 2013-7029, 2013 WL 6403080, at *1 (Fed. Cir. Dec. 9, 2013). In *Sneed*, a claimant argued that "the Veterans Court erroneously failed to recognize attorney abandonment as a basis for equitable tolling." *Id*. at 3. This court agreed, stating "[e]quitable tolling is not 'limited to a small and closed set of factual patterns.'" *Id*. at 5 (quoting *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005)).

The court also observed that "[t]he hardship of default resulting from attorney abandonment is particularly difficult to bear in the context of an appeal to the Veterans Court, which is often the veteran's first opportunity to be represented by an attorney." *Id.* at 7 (citing 38 U.S.C. § 5904(c)(1)).

This case is remanded, in light of this intervening precedent, for the Veterans Court to reconsider whether the veterans service officer's failure to act on Mr. Wohlwend's behalf, and the affirmative misrepresentations made by DAV, entitle Mr. Wohlwend to equitable tolling of the filing deadline.

CONCLUSION

For the foregoing reasons, the Veterans Court's decision denying Mr. Wohlwend's motion to recall mandate is vacated, and the case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED**