# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHARLES W. HECKMAN,
             Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
             Agency.

DOCKET NUMBER
SF-3330-11-0568-I-5

DATE: February 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles W. Heckman</u>, Olympia, Washington, pro se.

<u>Karen D. Glasgow</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal in part for lack of jurisdiction and in part as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision as to the dispositions of portions of the appeal that did not satisfy the timeliness requirements of 5 U.S.C. § 3330a. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2        The appellant is a preference-eligible veteran. I-1, Initial Appeal File (IAF), Tabs 5, 8; I-5, IAF Tab 9 at 82.[2] On May 7, 2011, he filed this VEOA appeal and requested a hearing regarding alleged veterans' preference violations in 42 nonselections for appointment between 2005 and 2007.[3] I-1, IAF, Tab 1 at 3, 6, 19, Tab 9 at 6-7. There are six associated Department of Labor (DOL) complaints: 10-WA-2006-007-VPH, WA-2007-009-VPH, WA-2007-010-VPH,

---

[2] This appeal was dismissed without prejudice several times and then refiled, resulting in several initial appeal files, each with different docket numbers. The citations in this order refer to the various initial appeal files by the last two characters of their docket numbers (from I-1 through I-5).

[3] The appellant previously filed two VEOA appeals with the Board challenging 57 other nonselections for appointment. I-1, IAF, Tab 1 at 14-15; *Heckman v. Department of the Interior*, 109 M.S.P.R. 133 (2008), *overruled in part by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371 (2009); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210 (2007). As the administrative judge explained, those other nonselections are not at issue in the instant appeal. I-5, IAF, Tab 15, Initial Decision (ID) at 2.

WA-2007-001-VPH, WA-2007-002-VPH, and WA-2011-0014-VPH. I-1, IAF, Tab 1 at 10-11, Tab 8 at 6-8; I-5, IAF, Tab 9 at 24-25.

¶3    The appeal was dismissed without prejudice and refiled several times pending the outcome of litigation in federal court. I-1, IAF, Tab 12; I-2, IAF, Tab 5; I-3, IAF, Tab 4; I-4, IAF, Tab 6. Finally, after affording the appellant proper notice on the issues, the administrative judge dismissed the appeal in part for lack of jurisdiction and in part as untimely. I-1, IAF, Tab 2 at 2-3, 1-5 IAF, Tab 12; ID. Specifically, the administrative judge found that the Board lacks jurisdiction over the alleged veterans' preference violations in complaints WA-2007-001 and WA-2007-002 because the appellant failed to show that he received written notification of the results of DOL's investigation or that he notified DOL in writing of his intention to file a Board appeal concerning those complaints.[4]    ID at 4-5. Regarding complaint WA-2011-0014-VPH, the administrative judge found that the complaint to DOL was untimely and that there was no basis to toll the filing deadline. ID at 6-7. Regarding the three remaining complaints, 10-WA-2006-007-VPH, WA-2007-009-VPH, and WA-2007-010-VPH, the administrative judge found that the appellant's Board appeal was untimely, and that there was no basis to toll the filing deadline. ID at 7-8.

¶4    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has filed a response, *id*., Tab 3, and the appellant has filed a reply to the agency's response, *id*., Tab 5.

Exhaustion

¶5    To establish jurisdiction over a VEOA appeal, an appellant must, among other things, show that he exhausted his administrative remedies with DOL. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1320 (Fed. Cir. 2012); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). An

---

[4] The record does not reveal which vacancy announcements or alleged veterans' preference violations were at issue in which complaints.

appellant may satisfy this exhaustion requirement by showing that he filed a VEOA complaint with the Secretary of Labor and either (1) the Secretary sent him written notification that efforts to resolve the complaint were unsuccessful, or (2) more than 60 days have elapsed since the complaint was filed, and the appellant provides the Secretary written notification of his intention to file a Board appeal. 5 U.S.C. § 3330a(d); 5 C.F.R. § 1208.21(a).

¶6      The appellant does not appear to contest the administrative judge's finding that, concerning complaints WA-2007-001-VPH and WA-2007-002-VPH, he neither received written notice from DOL that its efforts to resolve the complaints were unsuccessful nor notified DOL in writing of his intention to file a Board appeal concerning these matters. ID at 4-5. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to show that he exhausted his administrative remedies with DOL and that the Board therefore lacks jurisdiction over the matters encompassed in complaints WA-2007-001-VPH and WA-2007-002-VPH. ID at 4-5; *see Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 10 (2011).

Timeliness

¶7      A complaint under 5 U.S.C. § 3330a must be brought within 60 days of the alleged veterans' preference violation. 5 U.S.C. § 3330a(a)(2)(A). In addition, a Board appeal under 5 U.S.C. § 3330a(d)(1) must be filed within 15 days after the complainant receives written notification from DOL that the complaint could not be resolved. 5 U.S.C. § 3330a(d)(1)(B). Failure to meet the 60-day statutory deadline for filing a DOL complaint will result in a denial of corrective action unless the appellant can establish a basis for equitably tolling the deadline. *See Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶¶ 15-19 (2012). Failure to meet the 15-day statutory deadline for filing a Board appeal will result in a dismissal on timeliness grounds unless the appellant can establish a basis for equitably tolling the deadline. *See Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶¶ 22-25 (2008).

¶8  The administrative judge found that the appellant exhausted his administrative remedies as to complaints WA-2011-0014-VPH, 10-WA-2006-007-VPH, WA-2007-009-VPH, and WA-2007-010-VPH. ID at 4. We agree. The record contains copies of written notification to the appellant from DOL closing it investigation into these complaints. I-1, IAF, Tab 1 at 10-11, Tab 8 at 8; I-5, IAF, Tab 9 at 24-25. Nevertheless, the administrative judge found that the appellant failed to meet one or the other of these statutory deadlines concerning each of these complaints. ID at 6-7. Again, we agree.

¶9  Regarding complaints 10-WA-2006-007-VPH, WA-2007-009-VPH, and WA-2007-010-VPH, the appellant received written notice from DOL under 5 U.S.C. § 3330a(c)(2) on July 21, 2006, and August 2, 2007. I-1, IAF, Tab 8 at 8; I-5, IAF, Tab 9 at 24-25. Applying the presumption that the appellant received these letters 5 days after they were mailed, *see Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009), we find that he filed this May 7, 2011 appeal well beyond the 15-day statutory deadline. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant has not established any of the limited bases for equitable tolling to apply to the matters encompassed in these complaints, such as having filed a timely but defective pleading or being tricked or induced by the agency into allowing the filing deadline to pass. ID at 7; *see Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 8 (2009). Therefore, the administrative judge correctly dismissed these claims as untimely. ID at 6.

¶10  Regarding complaint WA-2011-0014-VPH, the appellant's evidence and argument show that it pertained to an alleged veterans' preference violation that occurred no later than 2007, but that he did not file the complaint until February 2011—at least 3 years after the alleged violation occurred, and well beyond the 60-day statutory deadline. I-1, IAF, Tab 1 at 5, 10, Tab 11 at 2. On that basis, DOL declined to investigate the complaint, and we agree with the administrative judge that this DOL complaint was untimely. ID at 6. We also

agree, for the reasons explained in the initial decision, that the appellant has not established a basis for the Board to equitably toll the deadline. ID at 6-7.

¶11        Nevertheless, we must clarify the disposition of these claims. The initial decision states in one place that the appeal is dismissed as untimely, ID at 6, and in another place that corrective action is denied on the basis of untimeliness, ID at 8. The correct disposition for the claims encompassed in complaint WA-2011-0014-VPH, which was filed with DOL outside the 60-day deadline in 5 U.S.C. § 3330a(a)(2)(A), is that corrective action is denied. *See Gingery*, 119 M.S.P.R. 43, ¶ 19. The correct disposition for the claims encompassed in complaints 10-WA-2006-007-VPH, WA-2007-009-VPH, and WA-2007-010-VPH, which were untimely to the Board under 5 U.S.C. § 3330a(d)(1)(B), is that they are dismissed as untimely. *See* 5 C.F.R. § 1208.22.

Arguments on Review

¶12        The appellant makes numerous arguments on review that provide no basis to disturb the initial decision. First, he argues that the Board lacks jurisdiction to dismiss the instant appeal until his pending litigation in federal court is completed. PFR File, Tab 1 at 7. Board jurisdiction, however, is not a prerequisite for dismissing an appeal on jurisdictional or timeliness grounds. The Board has found numerous times that it may dismiss an appeal as untimely filed without reaching the jurisdictional issue. *E.g.*, *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 13 (2014); *Persons v. U.S. Postal Service*, 75 M.S.P.R. 428, 431–33 (1997). To the extent that the appellant is arguing that this litigation should operate to toll the deadlines at issue, for the reasons discussed below, we disagree. *Infra* ¶ 15.

¶13        The appellant appears to argue that the Board should not have adjudicated his prior appeals because he has still not exhausted his administrative remedies as to the alleged veterans' preference violations at issue in those appeals. PFR File, Tab 1 at 7-8. As the administrative judge explained, the instant appeal pertains only to the 42 alleged veterans' preference violations that the appellant identified

in his initial appeal filing. ID at 2; I-1, IAF, Tab 1 at 6. The Board has already issued final decisions on the appellant's 57 other claims and notified him of his further review rights. *Heckman*, 109 M.S.P.R. 133, ¶ 30; *Heckman*, 106 M.S.P.R. 210, ¶ 19. Regardless of whether the appellant believes that these decisions were correct, he has no further right of review before the Board.

¶14 The appellant also appears to argue that he did not file a DOL complaint in 2011. PFR File, Tab 1 at 8, Tab 5 at 4, 8. Not only is this assertion belied by the information that the appellant provided in his initial appeal filing, I-1, IAF, Tab 1 at 5, 10, he has not identified any documentary evidence to show otherwise. Nor does the appellant's description of DOL's alleged mishandling of his complaints and concealment of evidence shed any light on this matter or any other matter relevant to the material issues in this appeal. PFR File, Tab 1 at 8-10, Tab 5 at 5, 8-10.

¶15 The appellant further argues that the administrative judge miscalculated the equitable tolling period. PFR File, Tab 1 at 10-11, Tab 5 at 4, 10-11. His arguments, however, appear to relate only to the alleged veterans' preference violations that were the subject of other Board appeals and are not at issue in the instant appeal. *Id.* As explained above, *supra* ¶¶ 9-10, we agree with the administrative judge that the deadlines at issue should not be equitably tolled. In particular, the appellant has offered no evidence to show that he filed his 2008 federal district court action within the applicable deadlines with respect to his 2005 through 2007 nonselections for appointment or his receipt of the July 21, 2006 and August 2, 2007 investigation closure notifications from DOL. I-1, IAF, Tab 10 at 8; *see Sneed v. Shinseki*, 737 F.3d 719, 729-30 (Fed. Cir. 2013) (for equitable tolling to apply, the entire period of the filing delay must be accounted for).

¶16 The appellant also identifies what he perceives as institutional problems with the Board's authority, PFR File, Tab 1 at 12-13, as well as what he believes to be evidence of the Board's bias against veterans in general and against him in

particular, PFR File, Tab 1 at 13-31, Tab 5 at 13-16. We have reviewed the appellant's arguments, and we find that they provide no basis to disturb the initial decision. To the extent that the appellant is claiming that the administrative judge in the instant appeal was biased, we find that he has not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). He has not shown that the administrative judge's conduct during these proceedings evidenced "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). This is especially so considering that the initial decision was based solely on documentary evidence and undisputed facts.

¶17    Finally, the appellant argues that the Board adjudicated one of his previous Uniformed Services Employment and Reemployment Rights Act of 1994 appeals improperly. PFR File, Tab 5 at 11-13. We find that this argument is irrelevant to the issues in the instant VEOA appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.