NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY STERLING,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1049

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-277, Senior Judge Lawrence B. Hagel.

---

Decided: February 15, 2018

---

JENNINGS JONES, III, Lake Charles, LA, argued for claimant-appellant.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC JOHN SINGLEY, CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, MAYER, and HUGHES, *Circuit Judges.*

HUGHES, Circuit Judge.

Mary Sterling appeals from a decision by the U.S. Court of Appeals for Veterans Claims dismissing her appeal as untimely. Because the Veterans Court failed to consider whether equitable tolling is warranted, we vacate and remand.

I

The facts here are undisputed. On September 22, 2015, the Board of Veterans' Appeals issued a decision denying Mrs. Sterling's claim for service connection for the cause of her veteran-husband's death. The decision was mailed to an address on Dixy Drive in Lake Charles, Louisiana. The mailing was returned to the Board as undeliverable. In October, Mrs. Sterling contacted the Board to inquire about the status of her case. At that time, she confirmed the Dixy Drive address. On November 17, 2015, Mrs. Sterling's address on file was changed to one on 4th Street in Lake Charles, Louisiana. The next day, the Board decision was remailed to Mrs. Sterling at the 4th Street address. Mrs. Sterling received the Board decision on November 20, 2015. Acting pro se, she filed a Notice of Appeal. The Veterans Court received her notice on January 21, 2016, 121 days after the Board decision and one day after the filing deadline. The Veterans Court determined that Mrs. Sterling's Notice of Appeal was untimely and dismissed her appeal. Mrs. Sterling appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(a), (c), (d)(1).

## II

We have exclusive jurisdiction to decide appeals that challenge the Veterans Court's legal determinations, including the interpretation or validity of any statute or regulation. *Id.* We review the Veterans Court's legal determinations without deference. *Checo v. Shinseki*, 748 F.3d 1373, 1376 (Fed. Cir. 2014). Unless an appeal presents a constitutional issue, we may not review factual challenges. 38 U.S.C. § 7292(d)(2).

In dismissing Mrs. Sterling's appeal, the Veterans Court applied the rule outlined in *Davis v. Prinicipi*:

> For purposes of determining whether an NOA is timely filed under section 7266(a) within the 120-day period from the Board's mailing of notice of its decision, the Court applies to the Board's mailing of a decision copy under section 7104(e) a "presumption of regularity" that the Secretary and the Board discharged their official duties by mailing the decision copy to the claimant and to the claimant's representative, if any, at each of their last known mailing addresses on the date on which the decision is issued. . . . [T]he presumption of regularity of mailing has been rebutted where a copy of a [Board] decision that is mailed to a claimant at his or her last known address is returned as undeliverable by the USPS and the claimant's claims file discloses other possible and plausible addresses that were available to the Secretary at the time of the [Board] decision.

17 Vet. App. 29, 36–37 (2003) (citations omitted); J.A. 2. Because the Secretary lacked any other "possible and plausible" address to mail the Board decision in September 2015, the Veterans Court found that Mrs. Sterling failed to rebut the presumption of regularity. J.A. 2.

Mrs. Sterling argues that the Veterans Court erred in applying *Davis*, and requests we hold that "in order to establish a rebuttal of the presumption of regularity, the veteran only needs to establish that the mailing was not received by the veteran." Appellant's Opening Br. 3. We decline to do so.

The time bar statute is 38 U.S.C. § 7266, which states that a notice of appeal must be filed "within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title." Section 7104(e)(1) requires the Board to "promptly mail a copy of its written decision to the claimant at the last known address of the claimant." Based on the statutory language, the Veterans Court correctly applied the presumption of regularity. It is not enough for Mrs. Sterling to show that she did not receive the mailing if the Board did not have any alternative address to send the decision.

The Veterans Court did err, however, in failing to consider whether Mrs. Sterling's appeal warranted equitable tolling. *See* J.A. 3. A litigant seeking equitable tolling bears the burden of establishing that (1) she has been pursuing her rights diligently, and (2) that some extraordinary circumstance prevented timely filing. *Sneed v. Shinseki*, 737 F.3d 719, 725 (Fed. Cir. 2013). The 120-day deadline for filing appeals to the Veterans Court is subject to equitable tolling. *Id.*

Whether equitable tolling applies is a flexible inquiry, determined on a case-by-case basis. *Toomer v. McDonald*, 783 F.3d 1229, 1239 (Fed. Cir. 2015). In past cases, we have found that equitable tolling could apply due to: incapacitation caused by mental or physical illness, *see Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004); *Arbas v. Nicholson*, 403 F.3d 1379 (Fed. Cir. 2005); the veteran's attorney abandoning the appeal, *see Sneed*, 737 F.3d at 725–29; the veteran misfiling a notice of appeal, *Jaquay v. Principi*, 304 F.3d 1276 (Fed. Cir. 2002); and the veteran

using an incorrect form to file a notice of appeal, *Bailey v. Principi*, 351 F.3d 1382 (Fed. Cir. 2003).

Here, we note that Mrs. Sterling appears to have actively contacted the Board regarding the status of her case and diligently updated her address. The Veterans Court also noted that Mrs. Sterling asserted that she was homeless for several years. J.A. 2. Moreover, the Veterans Court received her Notice of Appeal a mere one day after the 120 day deadline. Although we make no determination as to whether the facts of this case warrant equitable tolling, we find that the Veterans Court erred by not considering whether equitable tolling should apply.

Accordingly, we remand for the Veterans Court to consider whether the facts of this case warrant equitable tolling.

**VACATED AND REMANDED**