# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-6117

Charles J. Raybine, Appellant,

v.

Robert L. Wilkie,
Secretary of Veterans Affairs, Appellee.

Before GREENBERG, TOTH, and FALVEY, *Judges.*

# O R D E R

PER CURIAM. GREENBERG, *Judge*, filed a dissenting opinion.

On October 19, 2017, the Board of Veterans' Appeals mailed self-represented veteran Charles J. Raybine a decision denying entitlement to an earlier effective date for service-connected post-traumatic stress disorder (PTSD). Mr. Raybine filed a motion for reconsideration of the Board decision on July 11, 2018; the motion was denied on September 12, 2018. On November 2, 2018, Mr. Raybine filed a Notice of Appeal (NOA) of the October 2017 Board decision.

On January 3, 2019, the Secretary moved to dismiss the appeal as untimely, arguing that the veteran had not asserted a compelling reason for his failure to submit a timely NOA nor alleged any factors that might allow him to invoke equitable tolling. Secretary's Motion at 3-4 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Secretary also filed a motion to stay proceedings, which the Court granted.

The Court ordered Mr. Raybine to show cause as to why his appeal should not be dismissed as untimely. In his response, Mr. Raybine stated that he had difficulty obtaining additional information relevant to his claim. Appellant's Response at 1. He explained that, during service, he participated in human experimentation at Aberdeen Proving Ground in Aberdeen, Maryland. He indicated that when he received his records from the National Personnel Record Center (NPRC), they did not contain evidence of medical treatment or indicate that he participated in human experimentation. The NPRC directed him to contact the Aberdeen Proving Ground. Upon doing so, he was informed that, because the records were sealed, he had to provide additional information. Mr. Raybine explained that he called the Aberdeen Proving Ground multiple times before he obtained his records. He also noted that his "wife had to do everything because [he] was not able to handle things." Appellant's Resp. at 5.

Generally, to obtain Court review of an adverse Board decision, the appellant must submit an NOA to the Court within 120 days of the date on which the Board's decision was mailed. 38 U.S.C. § 7266. Here, 120 days from the date of the Board decision was February 16, 2018, and the veteran did not file his NOA until November 2018.

There is, however, an exception to the general rule when an appellant seeks reconsideration of the Board decision. If a "claimant files a motion for reconsideration with the Board during the 120-day judicial appeal period, the finality of the initial Board decision is abated by that motion for reconsideration." *Threatt v. McDonald*, 28 Vet.App. 56, 60 (2016) (per curiam order) (citing *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991)). Here, the veteran filed his motion for reconsideration of the Board decision in July 2018. Because he filed his motion for reconsideration more than 120 days from the date that the Board mailed its October 2017 decision (specifically, by February 16, 2018), he is not entitled to the benefit of the exception described in *Threatt* and *Rosler*.

Thus, because the appellant filed his NOA outside the 120-day filing period, he may maintain this appeal only if he demonstrates entitlement to equitable tolling. Under certain circumstances, the 120-day appeal period is subject to equitable tolling when extraordinary circumstances preclude timely filing of an NOA, despite the exercise of due diligence. *See Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order), *overruled in part on other grounds by Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016).

To establish equitable tolling, the appellant must demonstrate (1) an extraordinary circumstance; (2) due diligence exercised in attempting to file; and (3) a connection between the extraordinary circumstance and failure to timely file. *See Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015); *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014); *McCreary v. Nicholson*, 19 Vet.App. 324, 332 (2005), *adhered to on reconsideration*, 20 Vet.App. 86 (2006). "Equitable tolling is not limited to a small and closed set of factual patterns," and the Court must consider equitable tolling on a "case-by-case basis," "avoiding mechanical rules," and observing "the need for flexibility." *Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2013) (internal quotation marks omitted). It is the appellant's burden to produce any evidence necessary to support his or her argument for equitable tolling. *Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (per curiam order).

Here, the veteran's response suggested that he may be entitled to equitable tolling based on mental illness or the inability to obtain medical files concerning a classified experiment.

First, with regard to mental illness, an appellant may be entitled to equitable tolling upon a showing that mental illness rendered the appellant incapable of handling his own affairs. *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed.Cir. 2004). However, the veteran must offer more than a medical diagnosis or vague assertions of mental problems. *Id*. Mr. Raybine indicated that his service-connected PTSD rendered him unable to "handle things." Appellant's Resp. at 1. However, this does not establish that his condition rendered him incapable of "rational thought or deliberate decision making . . . or incapable of handling [his] own affairs or unable to function [in] society." *Barrett*, 363 F.3d at 1321. Rather, as Mr. Raybine states in his response, he sold his business and two homes as well as communicated repeatedly with VA and the Aberdeen Proving Ground to obtain his medical records seemingly during the filing period. *See Barrett*, 363 F.3d at 1321. We are not persuaded that Mr. Raybine's service-connected PTSD rendered him incapable of handling his affairs under the standard set out in the case law.

Second, as to an inability to obtain records from Aberdeen Proving Ground regarding a classified experiment in which he participated, Mr. Raybine has not indicated how this constituted an extraordinary circumstance or prevented him from timely filing the motion for Board reconsideration despite due diligence in trying to do so.[1] An extraordinary circumstance is one beyond the veteran's control. *McCreary*, 19 Vet. App. at 332. Assuming that the delayed response from Aberdeen Proving Ground satisfies this criterion, there is no argument before the Court how Mr. Raybine's late filing was a direct result of this circumstance. The relevant case law endorses equitable tolling in situations where a veteran sought to file in a timely manner but was prevented from doing so, such as by physical or mental infirmity, misinformation from a VA employee, homelessness, or potential third-party interference with the mail. *See James v. Wilkie*, 917 F.3d 1368, 1373-74 (Fed. Circ. 2019); *Checo*, 748 F.3d at 1381; *Bailey v. West*, 160 F.3d 1360, 1365-68 (Fed. Cir. 1998) (en banc). But in cases where an appellant has not shown that circumstances beyond his or her control prevented timely filing, we have found equitable tolling unwarranted. *See, e.g.*, *Smith v. Wilkie*, 30 Vet.App. 205, 209-10 (2018) (concluding that an incarcerated veteran, contra his assertions, was not precluded from communicating with his representative and filing an NOA); *McCreary*, 20 Vet.App. at 91-92 (finding that a hurricane, although an extraordinary circumstance, did not prevent timely filing in that case).

Although the veteran has not explained how attempting to obtain these records was an extraordinary circumstance, even if the Court were to consider it an extraordinary circumstance, Mr. Raybine fails to demonstrate why attainment of these records was necessary for him to file his motion for reconsideration of the October 2017 Board decision that denied an earlier effective date for PTSD. Generally, the effective date of an award of compensation will be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. Mr. Raybine did not file a claim for service connection for PTSD until July 2010, which appears to be the earliest effective date for which he could receive benefits. It is unclear how records from the Aberdeen Proving Ground indicating that he underwent human experimentation in 1962, which goes to whether he suffered an in-service injury—a matter that is not in dispute—would establish that he filed his claim for PTSD any earlier than July 2010, necessitating that the records be obtained before he submitted his motion for Board reconsideration.

Although the Court is sympathetic to the veteran's situation, he has not presented argument or evidence demonstrating that his situation constituted an extraordinary circumstance that ultimately caused the untimely filing of the motion for Board reconsideration. Thus, Mr. Raybine's equitable tolling argument fails. The Court will therefore grant the Secretary's motion to dismiss the appeal.

Upon consideration of the foregoing, it is

ORDERED that the January 3, 2019, stay of proceedings is lifted. It is further

---

[1] The Court notes that Mr. Raybine arguably met the due diligence element for equitable tolling because he began contacting the Aberdeen Proving Ground for information about the experiment in which he participated shortly after receiving records from the NPRC that did not contain such information, faxed the necessary information, and continued contacting the facility for the records. Appellant's Resp. at 1-2.

3

ORDERED that the Secretary's motion to dismiss is granted and this appeal is DISMISSED.

DATED: September 13, 2019                                    PER CURIAM.


GREENBERG, *Judge*, dissenting: The Supreme Court never suggested "that extraordinary circumstances must exist to allow a veteran to untimely appeal to the Court." *Lopez v. O'Rourke*, 30 Vet.App. 103, 107 (Greenberg, J., dissenting).

Perhaps there is an acceptable standard for equitable tolling that falls somewhere between the extraordinary circumstances standard the Court continues to blindly adhere to and the "intentional disregard" standard that I articulated in *Lopez. Id*.

However, until the Federal Circuit further defines the outer limits of what circumstances warrant tolling, I continue to believe that the Court is applying a higher standard than what the Supreme Court intended. As I acknowledged in *Lopez*, "Justice Alito, on behalf of the *Henderson* Court found that jurisdictional consequences were not intended to attach to the statutory 120-day limit, relying on the 'high degree of informality and solicitude' afforded to veterans and that the veterans claims adjudication system was 'unusually protective' of claimants." *Id*. quoting *Henderson ex. Rel. Henderson v. Shinseki*, 562 U.S. 431, 437 (2011); *see James v. Shulkin*, 29 Vet.App. 127, 131 (2017) ("The Supreme Court's decision in *Henderson v. Shinseki*, and the repeated admonishments from the Federal Circuit for denying equitable tolling have changed the fundamental approach to the timely filing requirement.") (Greenberg, J., dissenting); *see also James v. Wilkie*, 917 F.3d 1368, 1371-74 (Fed. Cir. 2019) (vacating and remanding *James v. Shulkin* because the Court "applied the improper legal standard" in determining that equitable tolling was not warranted).

Although each equitable tolling matter should be decided on a case-by-case basis, such an individual analysis is a fool's errand when the wrong standard is being applied in each case.

This veteran suffers from PTSD from his participation in service as a human test subject. In a similar case, I implored my colleagues to "properly examine . . . our inherent constitutional power to apply equitable remedies where Congress has not expressly authorized a result." *Taylor v. Wilkie*, 31 Vet.App. 147, 159 (2019) (Greenberg, J., dissenting) quoting U.S. CONST. ART. III, § 2, CL. 1 ("The judicial power shall extend to all cases, in law and equity"). Again, the Court has instituted a self-imposed barrier to deny a veteran.

For this reason, I respectfully dissent.

4