NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIA E. GARZA,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1457

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6396, Judge William S. Greenberg.

---

Decided: June 2, 2020

---

MARIA E. GARZA, Hebbronville, TX, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

------------------------

Before REYNA, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Maria E. Garza appeals from the final decision of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals denying the disability claim of her late husband, veteran Armando A. Garza.  Specifically, Ms. Garza challenges the Board's determinations denying (1) entitlement to a disability rating greater than 90% for accrued-benefits purposes, and (2) an effective date earlier than April 5, 2006, for a total disability rating based on individual unemployability. *Garza v. Wilkie*, No. 18-6396, 2019 WL 6315189, at *1 (Vet. App. Nov. 26, 2019).  Because Ms. Garza fails to present a question within our jurisdiction, we dismiss.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *James v. Wilkie*, 917 F.3d 1368, 1371 (Fed. Cir. 2019) (citing *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017)).  We may review a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a).  Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

On appeal, Ms. Garza argues that the Veterans Court misinterpreted 38 C.F.R. §§ 3.400(b)(2) and 3.307(a), which govern the effective date of disability compensation and the presumptive service connection for disease, respectively.  Pointing to *Walker v. Shinseki*, 708 F.3d 1331 (Fed. Cir. 2013), a case where this court interpreted 38 C.F.R. § 3.303(b), which governs the principles relating to service connection, Ms. Garza reasons that this case also involves the interpretation of a regulation because

§ 3.303(b) is inextricably intertwined with §§ 3.400(b)(2) and 3.307(a). Particularly, Ms. Garza argues that the relationship between these regulations may "afford an alternative route to service connection for specific chronic diseases." Appellant's Br. 2 (quoting *Walker*, 708 F.3d at 1340).[1] In this case, however, finding a service connection to a chronic disease is not at issue. Rather, the issue in this case involves the effective date and the disability rating of an already established service-connected chronic disease, which the Veterans Court determined by applying the relevant law to the facts. Unlike in *Walker*, where we found it necessary to interpret the meaning of the term "chronic disease" in § 3.303(b) to determine if the veteran's hearing loss was connected to his service, 708 F.3d at 1334–35, here Mr. Garza's chronic disease had already been granted service connection. Accordingly, no such statutory or regulatory interpretation is necessary.

Ms. Garza also argues that the Veterans Court violated her constitutional rights by denying her an earlier effective date and a higher disability rating. She reasons that this denial was a "trap" because she was "unaware of the various forms of compensation available." Appellant's Br. 3 (quoting *Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009)). Though Ms. Garza couches her argument as a constitutional claim, she actually challenges the Veterans Court's application of the law to the facts in its determinations of the effective date of the disability compensation and the disability rating. Because we may not review a challenge to a factual determination or a challenge to the application of law to facts, *see* 38 U.S.C. § 7292(d)(2), we dismiss Ms. Garza's appeal for lack of jurisdiction.

---

[1]     When referencing Ms. Garza's informal brief, the page numbers correspond to the page numbers stamped at the top of each page by this court's document filing system.

GARZA v. WILKIE

   We have considered Ms. Garza's other arguments and find that they also fail to satisfy the jurisdictional requirements of this court.  Accordingly, we dismiss Ms. Garza's appeal for lack of jurisdiction.

## DISMISSED

COSTS

   No costs.