NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MATTHEW C. FORD, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-2336

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-7135, Judge Joseph L. Falvey, Jr.

_____

Decided: March 11, 2024

_____

MATTHEW C. FORD, JR., Nazareth, PA, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

_____

Before DYK, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Matthew C. Ford, Jr., a veteran of the United States Army, proceeding pro se, appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing as untimely his appeal of a Board of Veterans' Appeals ("Board") decision. Mr. Ford primarily argues that the Veterans Court erred in declining to toll the 120-day time limit to file a Notice of Appeal ("NOA"), which he contends should have been done because a Department of Veterans Affairs ("VA") form suggested to him that he had one year to request a review. As to this claim, we affirm the Veterans Court. Mr. Ford's informal brief also argues an alternative basis for equitable tolling—that he has health problems, including fatigue related to a thyroid disorder, that should have excused his late filing. As to this claim, we dismiss for lack of jurisdiction. We therefore *affirm in part* and *dismiss in part*.

BACKGROUND

Mr. Ford served on active duty in the United States Army from August 1969 to July 1971. He sought benefits for service-connected hypothyroidism, and an initial rating decision assigned him a 10 percent disability rating effective April 25, 2017. Mr. Ford appealed to the Board, seeking an increased disability rating. In a decision dated May 5, 2022, the Board modified the initial rating decision. The Board found that the initial rating was warranted, found that a rating of 10 percent was also warranted for the period from March 13 to April 25, 2017, and denied the requested increase.

Under 38 U.S.C. § 7266(a), an individual seeking review of an adverse Board decision in the Veterans Court must file an NOA within 120 days. This period is subject to equitable tolling. *James v. Wilkie*, 917 F.3d 1368, 1372 (Fed. Cir. 2019). The deadline for Mr. Ford's NOA was

September 2, 2022, but Mr. Ford did not file his NOA until December 6, 2022. The Secretary of Veterans Affairs moved to dismiss Mr. Ford's appeal as untimely. The Veterans Court ordered Mr. Ford to explain why his appeal should not be dismissed. Mr. Ford responded, arguing that a VA document showed that he had one year to request a review of the decision and that he suffered from fatigue because of his thyroid disorder.

The Veterans Court found that Mr. Ford's NOA was untimely, and that equitable tolling was not warranted. As to Mr. Ford's argument that a VA document showed that he had one year to file, the Veterans Court found that the deadline on the document (VA Form 20-0998) "applies only to review of a decision by VA and not review by [the Veterans] Court," and that Mr. Ford's apparent misunderstanding was not an extraordinary circumstance that prevented him from timely filing his NOA. S.A. 3. As to Mr. Ford's argument concerning his fatigue, the Veterans Court found that "he ha[d] not shown that his condition rendered him incapable of handling his own affairs such that it precluded him from filing his NOA for the period that he is seeking to toll." S.A. 3. The Veterans Court dismissed the appeal. This appeal followed.

## DISCUSSION

### I

"Our jurisdiction to review a judgment of the [Veterans Court], set forth in 38 U.S.C. § 7292, is highly circumscribed." *Leonard v. Gober*, 223 F.3d 1374, 1375 (Fed. Cir. 2000). Under 38 U.S.C. § 7292(d)(1), on review of a Veterans Court decision we are to "decide all relevant questions of law." However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

The Secretary contends, citing *Leonard*, that we lack jurisdiction to review the Veterans Court's decision and should dismiss Mr. Ford's appeal. We disagree. We have jurisdiction over Mr. Ford's first theory. The question of whether the existence of the VA form requires equitable tolling appears to be a legal issue over which we have jurisdiction. *See Toomer v. McDonald*, 783 F.3d 1229, 1239 (Fed. Cir. 2015). Mr. Ford's informal brief does not dispute any of the material facts relied on by the Veterans Court concerning his reliance on the VA form, nor does it challenge a law as applied to the facts of his case. Accordingly, we have jurisdiction under 38 U.S.C. § 7292 to determine whether the Veterans Court applied the correct legal standard for equitable tolling as to Mr. Ford's theory that he was misled by the VA form.

Mr. Ford's informal brief also notes that he and his wife attended frequent medical visits, which "occup[ied] a lot of [his] time and concentration." Informal Br. of Appellant at 8 (emphasis omitted). To the extent that Mr. Ford argues that his medical appointments prevented him from timely filing his NOA, Mr. Ford did not present this argument to the Veterans Court, and we decline to consider it for the first time on appeal. *See Morgan v. Principi*, 327 F.3d 1357, 1364 (Fed. Cir. 2003). To the extent that Mr. Ford asks us to review the Veterans Court's holding that his thyroid condition was not an extraordinary circumstance because he did not show that it rendered him incapable of handling his own affairs, we lack jurisdiction because the Veterans Court simply applied established law to the facts of this case. 38 U.S.C. § 7292(d)(2).

## II

For equitable tolling to be warranted, a claimant must show an extraordinary circumstance, due diligence, and causation. *Toomer*, 783 F.3d at 1238. Equitable tolling is not limited to a closed set of fact patterns, and the extraordinary circumstance element must be considered "on a

'case-by-case basis.'" *James*, 917 F.3d at 1373 (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

In his informal brief, Mr. Ford argues that he is entitled to equitable tolling because VA Form 20-0998 is "very deceitful and offensive" and "states quite glaringly 'you have 1 year from the date on your decision notice.'" Informal Br. of Appellant at 7 (emphasis omitted) (quoting VA Form 20-0998). But on its face the notice only applies to appeals within the VA. The Veterans Court is not a unit of the VA. The record shows that the Board decision in Mr. Ford's case included a copy of VA 10183-SB that states that the deadline for an appeal to the Veterans Court is "**120 days** from [the] date on your VA decision." The Veterans Court found, citing *Toomer*, that "[a]lthough it is unfortunate that Mr. Ford misunderstood the VA form, such a situation is not an extraordinary circumstance." S.A. 3. We see no legal error in this analysis. The Veterans Court engaged in a case-specific analysis based on the facts of Mr. Ford's appeal, and we do not read the decision as announcing a categorical rule that a confusing or deceitful VA form can never justify equitable tolling. Instead, we read the Veterans Court as properly holding that Mr. Ford had not shown an extraordinary circumstance on the undisputed facts of his case.

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

### COSTS

No costs.